UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSE SANTILLO AVILEZ SORIANO, ELVIN ORDONEZ, ODIN MAZARIEGOS AND ROLANDO ENRIQUE ORTEGA BARCHONA <br><br> Plaintiffs, <br><br> vs. <br><br> GULF COAST LIFT, LLC and DUCKY JOHNSON HOUSE MOVERS, INC. <br><br> Defendants. | CIVIL ACTION NO.: <br><br> SECTION: <br><br> MAGISTRATE: <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

### INTRODUCTION

Plaintiffs Jose Santillo Avilez Soriano, Elvin Ordonez, Odin Mazariegos and Rolando Enrique Ortega Barchona (collectively "Plaintiffs"), by and through undersigned counsel, file this Complaint against Defendants, Gulf Coast Lift, LLC, ("Gulf Coast") and Ducky Johnson House Movers, Inc. ("Ducky Johnson") (collectively "Defendants"), and state as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq*., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, lost wages, front pay, compensatory damages, pre-judgment interest, and reasonable attorneys fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

1

## VENUE

3. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391 because it is where Defendants are subject to personal jurisdiction, where Defendants do business in the State of Louisiana, and where the unlawful acts complained of occurred.

## PARTIES

4. At all times material hereto, Plaintiffs were residents of Louisiana.

5. At all times material hereto Defendant Gulf Coast was, and continues to be, a Louisiana company. Further, at all times material hereto, Defendant Gulf Coast was, and continues to be, engaged in business in the Eastern District of Louisiana.

6. At all times material hereto Defendant Ducky Johnson was, and continues to be, a foreign company, doing business in the Eastern District of Louisiana as Gulf Coast Lift, LLC.

7. Upon information and belief, Defendants are the same entity or closely related entities.

8. At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiffs were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiffs were "employees" of Defendants within the

meaning of FLSA.

11. At all times material hereto, Defendants were Plaintiffs' "joint employers" within the meaning of FLSA.

12. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

13. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

15. Defendants are in the business of providing construction services to businesses and individuals.

16. In April 2010, Plaintiff Avilez was hired by Defendants to perform construction services. At that time, Plaintiff Avilez was classified as Defendants' "employee."

17. Plaintiff Avilez worked for Defendants until May 2012.

18. In February 2011, Plaintiff Ordonez was hired by Defendants to perform construction services. At that time, Plaintiff Ordonez was classified as Defendants' "employee."

19. Plaintiff Ordonez worked for Defendants until August 2012.

20. In January 2011, Plaintiff Mazariegos was hired by Defendants to perform construction services. At that time, Plaintiff Mazariegos was classified as Defendants' "employee."

21. Plaintiff Mazariegos worked for Defendants until April 2012.

22. In March 2010, Plaintiff Ortega was hired by Defendants to perform construction services. At that time, Plaintiff Ortega was classified as Defendants' "employee."

23. Plaintiff Ortega worked for Defendants until May 2012.

24. During the Plaintiffs' tenure with Defendants, Defendants exercised total control over the time, place and manner of Plaintiffs' work. Plaintiffs had no ability to control their schedules, the place or time they would work or who they would be working with during the time they spent working for Defendants.

25. For the entire time they worked for Defendants, each Plaintiff's rate of pay was $100 to $110 per day, regardless of the number of hours each Plaintiff worked in one day.

26. Although Defendants sporadically promised the Plaintiffs that they would pay Plaintiffs an additional $50 per day on days when the Plaintiffs worked longer than usual, Defendants never paid these wages to Plaintiffs.

27. Plaintiffs worked between 10 to 14 hours per day for 6 days a week for Defendants, and occasionally worked all day Sunday as well.

28. Thus, Plaintiffs regularly worked between 60 to 84 hours per week for Defendants, but were not paid time and one-half for any hours worked in excess of 40 per week, in direct violation of the FLSA.

29. In addition, during weeks when some or all of Plaintiffs worked more than 83 hours over the course of 6 days a week for Defendant and received only $600 in wages for their work, these Plaintiffs were not paid the federally-mandated minimum wage of $7.25 per hour.

30. Documentation concerning the number of hours actually worked by Plaintiffs and the compensation actually paid to Plaintiffs is in the possession and custody and control of Defendants.

31. Defendants have violated Title 29 U.S.C. §207 from at least March 2010 and continuing through August 2012 in that:

    a. Plaintiffs worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

    c. During some or all weeks Plaintiffs worked for Defendants, some or all of Plaintiffs were not paid the federally-mandated minimum wage of $7.25 per hour; and

    d. Defendants have failed to maintain proper time records as mandated by the FLSA.

32. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

33. In addition, by failing to pay Plaintiffs the additional $50 per day they were promised, Defendants have violated Louisiana's Final Wage Payment Act, La. R.S. 23:631, *et seq.*

**CAUSES OF ACTION**

**COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 *ET. SEQ.***

34. Plaintiffs re-allege and re-aver paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. From at least March 2010 and continuing through August 2012, Plaintiffs worked in excess of the forty (40) hours per week for Defendants, but Plaintiffs were not compensated at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for these overtime hours.

36. Plaintiffs were, and are, entitled to be paid at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for those hours worked in excess of forty (40) hours.

37. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiffs as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

38. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

39. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was and is due.

40. Defendants have failed to properly disclose or apprise Plaintiffs of Plaintiffs' rights under the FLSA.

41. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

42. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT TWO: FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *ET. SEQ.*

43. Plaintiffs re-allege and re-aver paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. From at least March 2010 and continuing through August 2012, some or all of Plaintiffs worked in excess of 83 hours per week for Defendants and were paid a weekly wage of $600 ($100 per day for 6 days per week), but some or all of Plaintiffs were not compensated at the federal minimum wage.

45. Specifically, for all times some or all of Plaintiffs worked in excess of 83 hours per week, their rate of pay dipped below the federal minimum wage of $7.25 per hour.

46. Plaintiffs were, and are, entitled to be paid at the federal minimum wage for each hour they worked for Defendants.

47. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiffs as if they were exempt from coverage under 29 U.S.C. §§201 through 219,

disregarding the fact that they were not exempt.

48. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

49. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the federal minimum wage rate when they knew, or should have known, such was and is due.

50. Defendants have failed to properly disclose or apprise Plaintiffs of Plaintiffs' rights under the FLSA.

51. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered lost compensation equal to the difference in their hourly wages and the federal minimum wage, plus liquidated damages.

52. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT III: VIOLATION OF LA. R.S. 23:631, *ET SEQ.*

53. Plaintiffs' claims arising under La. R.S. 23:631, *et seq.*, Louisiana's Final Wage Payment Act, arise out of the same transaction or occurrence as their federal wage claims. Thus venue and jurisdiction are proper under 28 U.S.C. §1367.

54. As Defendants' employees, Plaintiffs were sporadically promised an extra $50 per day when they worked long hours.

55. Defendants never paid the promised additional $50 per day to Plaintiffs.

56. All Plaintiffs resigned or were terminated by Defendants more than 15 days ago.

57. Plaintiffs, through undersigned counsel, made a formal demand upon Defendants for their unpaid wages on September 27, 2012.

58. To date, Defendants have refused to pay those wages and, therefore, pursuant to Louisiana Revised Statute 23:631 *et seq.*, Plaintiffs are entitled to penalty wages for up to 90 days from the date of demand for Defendants' delay in issuing payment and reasonable attorney's fees.

59. Plaintiffs are entitled to the following damages from the defendant:

   (A) The full amount of their unpaid wages;

   (B) Up to 90 days' penalty wages; and,

   (C) Legal interest, reasonable attorney's fees and costs.

## ATTORNEY'S FEES

60. Plaintiffs have retained the law firm of Jackson+Jackson to represent Plaintiffs in the litigation and have agreed to pay the firm a reasonable fee for its services.

## CONSENT

61. Plaintiffs' consent to file this Complaint is evidenced by their signatures on the FLSA Consent Forms that are attached *in globo* hereto as Exhibit "A".

## JURY DEMAND

62. Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants Gulf Coast Lift, LLC and Ducky Johnson House Movers, Inc:

   a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

   b. Awarding Plaintiffs overtime compensation in the amount due them for Plaintiffs' time worked in excess of forty (40) hours per workweek;

  c. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

  d. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

  e. Awarding Plaintiffs minimum wage compensation in the amount due them;

  f. Awarding Plaintiffs liquidated damages in an amount equal to the minimum wage award;

  g.  Awarding Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  h. Awarding Plaintiffs unpaid wages pursuant to La. R.S. 23:631, *et seq.*

  i. Awarding Plaintiffs penalties pursuant to La. R.S. 23:631 *et seq.*;

  j. Awarding Plaintiffs reasonable attorneys fees and costs pursuant to La. R.S. 23:631 *et seq*,;

  k. Awarding Plaintiffs pre-judgment interest and legal interest to which they are entitled; and

  l. Awarding Plaintiffs all other relief to which they are entitled.

                Respectfully submitted,

                /s/ Jody Forester Jackson
                Jody Forester Jackson, (La. Bar No. 28938)
                Mary Bubbett Jackson, (La. Bar No. 29110)
                **JACKSON+JACKSON**
                201 St. Charles Avenue, Suite 2500
                New Orleans, Louisiana 70170
                T: (504) 599-5953
                F:  (888) 988-6499
                E: jjackson@jackson-law.net
                   mjackson@jackson-law.net
                Attorneys for Plaintiffs
                Jose Santillo Avilez Soriano, Elvin Ordonez, Odin Mazariegos and Rolando Enrique Ortega Barchona

**PLAINTIFF WILL REQUEST WAIVER OF SERVICE**