UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSE SANTILLO AVILEZ SORIANO, ELVIN       CIVIL ACTION
ORDONEZ, ODIN MAZARIEGOS, and
ROLANDO ENRIQUE ORTEGA BARCHONA


VERSUS                             NO: 12-02744


GULF COAST LIFT, LLC and DUCKY       SECTION: R(2)
JOHNSON HOUSE MOVER, INC.


**ORDER AND REASONS**

Before the Court is defendants William Nethery and Nethery Foundation Services' (collectively "Nethery defendants") motion to set aside the default entered against them on September 5, 2014.[1] Also pending before the Court is plaintiffs' motion for entry of a default judgment against the Nethery defendants.[2] Because the Court finds defendants' failure to respond to the complaint resulted from defendants' excusable neglect, that plaintiffs will not be prejudiced, and that defendants present potentially meritorious defenses, the Court GRANTS the Nethery defendants' motion to set aside the entry of default. For the same reasons, the Court DENIES plaintiffs' motion for entry of default judgment.

---

[1] R. Doc. 79.

[2] R. Doc. 75.

1

I.   PROCEDURAL BACKGROUND

Plaintiffs are laborers allegedly employed by Gulf Coast Lift, LLC ("Gulf Coast") and Ducky Johnson House Mover, LLC ("Ducky Johnson") between March 2010 and August 2012.  They sued Gulf Coast and Ducky Johnson on November 13, 2012, bringing claims under the Fair Labor Standards Act ("FLSA") and Louisiana law.[3]  Plaintiffs allege that they were paid a flat-rate of $100-110 per day, regardless of the number of hours they worked.[4]  They further allege that Gulf Coast and Ducky Johnson failed to compensate them at the statutory rate of one and a half times their regular rate for hours worked in excess of 40 hours per week.[5]  Plaintiffs also assert that when they worked in excess of 83 hours per week, Gulf Coast and Ducky Johnson failed to pay them the federally-mandated minimum wage of $7.25 per hour.[6]

Plaintiffs filed a second amended complaint on March 12, 2014 alleging that various contracts and subcontracts between Gulf Coast, Ducky Johnson, and the Nethery defendants rendered the Nethery defendants plaintiffs' "joint employers" under the FLSA. Moreover, Gulf Coast and Ducky Johnson indicated to plaintiffs that they intended to file third-party claims against the Nethery

---

[3] R. Doc. 1.

[4] R. Doc. 33 at 7.

[5] *Id.*

[6] *Id.* at 8.

defendants and that they agreed with plaintiffs that the Nethery defendants should be added as defendants in this action.[7]

Plaintiffs served the Nethery defendants on August 7, 2014.[8] As of September 3, 2014, the Nethery defendants had failed to file responsive pleadings, and the Clerk of Court issued an Entry of Default against the Nethery defendants on September 5, 2014.[9]  On September 24, 2014, plaintiffs moved the Court to enter a default judgment against the Nethery defendants.[10]  The next day, counsel for the Nethery defendants filed a notice of appearance and has subsequently filed a motion to set aside the entry of default[11] as well as an answer to the amended complaint.[12]

## II.  Legal Standard

Federal Rule of Civil Procedure 55(c) provides that a district court may set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c).  Good cause, for purposes of Rule 55(c), "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure

---

[7] R. Doc. 21-1 at 3-4; R. Doc. 24-4 at 8-9.

[8] R. Docs. 67 and 68.

[9] R. Doc. 71.

[10] R. Doc. 75.

[11] R. Doc. 79.

[12] R. Doc. 82.

of a party to answer a complaint timely." *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992).  In determining whether good cause exists to set aside an entry of default, the Court considers "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented."  *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003).  These factors are, however, nonexclusive, and the Court should consider all relevant circumstances against the background principles that cases should be resolved on the merits.  *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) ("[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.") (internal citation omitted).  *See also Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991) (Federal Rules are "diametrically opposed to a tyranny of technicality; . . . [s]trict enforcement of defaults has no place in the Federal Rules . . . .").

## III. Discussion

### A.    The Parties Arguments

In support of their motion to set aside the entry of default, the Nethery defendants argue that their failure to timely respond to the amended complaint was the product of their lack of legal sophistication rather than defendants' willful decision to ignore this action.[13] The Nethery defendants further argue that plaintiffs will not be prejudiced if the Court sets aside the entry of default and that the Nethery defendants were not plaintiffs' "joint employers" under the FLSA because "Nethery merely worked alongside Plaintiffs in an effort to complete the jobs they were hired to complete."[14]

Plaintiffs do not dispute that they will not be prejudiced if the Court sets aside the entry of default or that the Nethery defendants have presented a potentially meritorious defense. Rather, plaintiffs contend the defendants willfully ignored the litigation process.[15] Plaintiffs cite an alleged attempt by the Nethery defendants to dodge service and an alleged interaction between William Nethery and one of the plaintiffs in which Nethery demonstrated anger at being sued.[16] The Nethery defendants dispute

---

[13] R. Doc. 79-1 at 4.

[14] *Id.* at 5.

[15] R. Doc. 87 at 4.

[16] *Id.* at 5-6.

5

plaintiffs' characterization of their conduct.[17]   For the reasons
that follow, the Court finds the Nethery defendants' have met there
burden to set aside the entry of default against them.

     b.    The Nethery Defendants have shown good cause to lift
          the entry of default

The Court finds that the Nethery defendants have shown good
cause to set aside the entry of default against them.  Fed. R. Civ.
P. 55(c).  First, the Court finds that the Nethery defendants'
failure to file a timely answer in this matter amounts to excusable
neglect rather than willful conduct.  *See Bona Fide Demolition &*
*Recovery, LLC v. Crosby Const. Co. of Louisiana*, CIV. A. No. 07-
3115, 2009 WL 4060192, at *3 (E.D. La. Nov. 20, 2009) (setting
aside default where failure to respond was product of excusable
neglect).  The Nethery defendants state that William Nethery was
unaware that the paperwork with which he was served made him a
defendant in this suit and that his "lack of legal sophistication"
caused this misconception.[18]  Plaintiffs' allegation regarding the
Nethery defendants' alleged attempts to "dodge service," even if
true, has no bearing on defendants' willfulness or lack thereof, as
the Nethery defendants' obligation to participate in this
proceeding did not materialize until plaintiffs actually served
defendants with the summons.  *Lacy*, 227 F.3d at 292 n.5 ("[W]illful

---

[17] R. Doc. 94-1 at 2.

[18] R. Doc. 79-1 at 4.

evasion of process is not grounds to support entry of default judgment."). The Court also finds the Nethery defendants' account of the interaction between defendants and plaintiffs more credible. Even if the Court doubted the verity of the Nethery defendants' explanation, "any doubt should, as a general proposition, be resolved in favor . . . of securing a trial upon the merits." *Jenkens & Gilchrist v. Groia &* Co., 542 F.3d 114, 123 (5th Cir. 2008) (finding that even though "there is evidence suggestive of willfulness on the part of [defendant] . . . we do not believe the record conclusively shows that her default was willful"). Accordingly, the Court credits the Nethery defendants' explanation for their failure to timely respond and finds that the default was the product of excusable neglect rather than willful conduct. *Id*. at 122-23 ("We have recognized that even where a defendant mistakenly concludes that he was not served with process, the defendant's default may not be willful.").

Second, the Court finds that setting the default aside will not prejudice plaintiffs. To establish prejudice, plaintiffs "must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy*, 227 F.3d at 293 (internal quotations omitted). Plaintiffs have made no such showing, and the lack of prejudice counsels in favor of setting aside the default.

Finally, the Nethery defendants vigorously dispute both the

factual and legal predicates of plaintiffs' claims, and the Nethery defendants have asserted a number of potentially meritorious defenses to those claims. Plaintiffs do not dispute that the Nethery defendants have asserted potentially meritorious defenses. Accordingly, the Court finds that the Nethery defendants have shown good cause for lifting the default against them.

## III. Conclusion

For the foregoing reasons, the Court GRANTS the Nethery defendants' motion to set aside the default entered against them on September 5, 2014. Plaintiffs' motion for entry of a default judgment against the Nethery defendants is DENIED AS MOOT.

New Orleans, Louisiana, this 8th day of December, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE